353 P.2d 468

Ralph D. HOWE, as President for the Utah
State Motel Association, Plaintiffs
and Appellants,

v.

TAX COMMISSION of Utah et al.,
Defendants and Respondents.
No. 9201.
Supreme Court of Utah.
June 28, 1960.

———◆———

Herbert B. Maw, Salt Lake City, for appellants.

Walter L. Budge, Atty. Gen., Ben E. Rawlings, Asst. Atty. Gen., for respondents.

CROCKETT, Chief Justice.

Plaintiff, as president of the Utah State Motel Association, on behalf of its members, challenges the constitutionality of amendments to the State Sales Tax Law, which formerly imposed a 2% tax on sales of tangible personal property. The purpose of the amendments was to extend it to cover a tax on services. The addition to Section 59–15–4, U.C.A.1953, follows:

"(f) A tax equivalent to 2% of the amount paid or charged for tourist home, hotel, motel, or trailer court accommodations and services; provided that this subsection shall not apply to the amount paid or charged for tourist home, motel, hotel or trailer court where residency is maintained continuously under the terms of a lease or similar agreement for a period of not less than thirty days."

The specific charge is that the above statute is discriminatory in applying only to "* * * tourist home, motel, hotel or trailer court * * *" whereas, plaintiffs assert that other places such as apartments, rooming houses, and private residences furnish similar short period rentals without being subject to the tax.

In support of their position the plaintiffs cite the case of Gaulden v. Kirk,[1] which deals with a Florida statute (F.S.A. § 212.03(1) on the same subject matter, but points out that the Florida act included a general statement of policy that this legislative intent is, "* * * that every person is exercising a taxable privilege who engages in the business of renting, leasing or letting any living quarters * * * for the exercise of said privilege a tax is hereby levied * * *." of 3% of the

---

1. Fla., 47 So.2d 567.

364

total of the rental charge; and the case of White v. Moore[2] considering a similar Arizona statute (Laws 1935, c. 77, § 2(f), A.R.S. § 42–1314, subd. 2), which also includes general language: "or any other business or occupation charging storage fees or rents."

Neither of the cited cases holds that the statute it deals with is unconstitutional. The plaintiffs' argument seems to be that because those valid statutes are worded somewhat differently and include the general language above quoted, that the Utah statute which does not do so, excludes competing businesses not specifically named and is therefore discriminatory and invalid. At first blush it seems a bit strange that the plaintiffs advocate an interpretation of the statute which would exempt those competing with them, but impose a tax upon their own services. Upon a second glance the strangeness vanishes when it is realized that such an interpretation provides the basis for the attack upon its constitutionality, and the possibility of having it stricken down and wiping out the tax entirely.

■ The legislative purpose appears to have been to impose a tax on charges made for lodgings of the short period or stopover type traditionally provided by inns or hotels, as distinguished from lodgings for longer periods, which assume the character of residence. The thirty-day limitation in our statute seems to be a reasonable time break off point for classification of the two classes of tenants.[3]

■ We are not concerned with the skill nor the artfulness with which the statute is drawn, nor whether it may be susceptible of an interpretation which would make it unjustly discriminatory and therefore unconstitutional. On the contrary, the question is whether in considering the statute and its background and purpose, it reasonably can be so interpreted and applied as to avoid that consequence.

■ The Tax Commission takes the position that while the phrase "tourist home, hotel, motel, or trailer court *accommodations and services*" (emphasis added) refers to particular entities, the language is not necessarily limited to institutions bearing those names, but can reasonably be understood as indicating a legislative intent to describe a type of service, and as covering all who engage in the rental of lodgings of the short period or temporary stopover type. We think this interpretation is sound. It is the character of the service rather than the name of the establishment that determines its classification and whether it is subject to the tax. Accordingly if people having

2. 46 Ariz. 48, 46 P.2d 1077.

3. See White v. Moore, 46 Ariz. 48, 46 P. 2d 1077, footnote 2, supra.

apartments, or rooms, or other places with lodging accommodations, furnish that character of service, by its very nature they must, by advertising, posting signs or in some manner make it known to the public that they are so operating, and they would be subject to the tax, by whatever title the place may be called. This interpretation of the statute making it apply to all persons providing that type of service means that it applies uniformly to all in the same class and renders it invulnerable to attack as being discriminatory.[4] That being so, the fact that it may be somewhat difficult to police and enforce is no barrier to its validity.

 The view adopted by the Tax Commission is in harmony with the general rule relating to the question of constitutionality of statutes: that all doubts are to be resolved in favor of constitutionality;[5] and a refinement of that rule specifically applicable here: if there is doubt or uncertainty as to the meaning to be given to a statute, one of which would make it unconstitutional and the other constitutional, the latter should be given effect.[6]

Affirmed. No costs awarded.

WADE, HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

---

4. See State v. Mason, 94 Utah 501, 78 P. 2d 920, 117 A.L.R. 330; Hansen v. Public Employees Retirement System, etc., 122 Utah 44, 246 P.2d 591.

5. Newcomb v. Ogden City Public School Teachers' Retirement Comm., 121 Utah 503, 243 P.2d 941; Parkinson v. Watson, 4 Utah 2d 191, 291 P.2d 400.

6. State Water Pollution Control Board v. Salt Lake City, 6 Utah 2d 247, 311 P.2d 370; Norville v. State Tax Commission, 98 Utah 170, 97 P.2d 937, 126 A.L.R. 1318.