418 P.2d 227

**R. A. MENLOVE et al., Plaintiffs and Appellants,**

v.

**SALT LAKE COUNTY et al., Defendants and Respondents.**

No. 10564.

Supreme Court of Utah.

Sept. 16, 1966.

---

Herbert B. Maw, Salt Lake City, for appellants.

Grover A. Giles, Salt Lake County Atty., Salt Lake City, for respondents.

CALLISTER, Justice:

Plaintiff, for himself as a motel owner and as president of Salt Lake County Motel Association, brought this action to enjoin enforcement of "The Transient Room Tax Ordinance of the County of Salt Lake."

1. Ch. 35, Laws of Utah 1965.
2. Sec. 4 of the ordinance is drafted in language similar to this statutory provision;

Plaintiff contests the constitutionality of the ordinance, which was enacted pursuant to and under the provisions of sections 1 through 7 of Chapter 31, Title 17, U.C.A. 1953.[1] The court below granted the County's motion for summary judgment and plaintiff appeals.

Section 17–31–2 of the enabling statute provides:

They [county commissioners] may raise revenue by the imposition of a transient room tax which shall not exceed one and one-half per cent of the rent for every occupancy of a suite, room or rooms on all persons, companies, corporations, or other like and similar persons, groups or organizations doing business as motor courts, motels, hotels, inns or like and similar public accommodations, and from time to time increase or decrease such levy as is necessary or desirable, and shall regulate the same by ordinance.[2]

Section 17–31–3:

A transient room tax as provided in this act, may be imposed only for the purposes of establishing, financing and promoting recreational, tourist and convention bureaus.

Section 17–31–4 prohibits the reversion of any of the revenue collected and not

Sec. 9 incorporates, by reference, all of the provisions of the enabling statute.

expended during any fiscal year to the general fund of the county.

Section 17–31–5 defines the term "transient" as any person who occupies any suite, room or rooms in a motel, hotel, motor court, inn or similar public accommodation for fewer than thirty consecutive days.

Section 17–31–6:

Such tax shall be levied at the same time and collected in the same manner as is provided in Title 11, chapter 9 Utah Code Annotated 1953, "The Uniform Local Sales and Use Tax Law of Utah." [3]

Plaintiff contends that the ordinance is violative of both the equal protection and due process clauses of the state and federal constitutions. He argues that the ordinance denies equal protection because it imposes a tax burden upon one group (transients) and exempts therefrom another group (non-transients) and is thus discriminatory and unreasonable.

With respect to the due process contention, plaintiff urges that the transient, upon whom the tax is imposed, receives no benefit from the taxes collected, i.e., revenues realized from the levy are earmarked for the benefit of Salt Lake County residents and businesses with no resulting benefit inuring to the taxpayer (transient).

The arguments of plaintiff are premised upon a false assumption, namely, that the tax is to be levied upon the transient. The state statute and the ordinance impose the tax upon the owner or operator of the public accommodation.[4] The tax is measured by the rent charged, and the express purpose of the ordinance is to raise revenue. It is neither imposed on the purchaser (transient) nor on the transaction. Thus, the tax in question is classified as an occupation tax for the purpose of raising revenue [5] rather than a sales [6] or license tax. This distinction is important in determining the reasonableness of the legislature's classification. Its discretion is much broader in the occupation tax field than in the license tax realm, the latter being an exercise of police power rather than a revenue-producing prerogative.[7]

---

3. Which empowers the county commission to enter into a contract with the State Tax Commission to collect the tax.
4. The court is not unaware of the practical fact that the incidence of the tax will probably be borne by the transient.
5. Davis v. Ogden City, 117 Utah 315, 215 P.2d 616, 223 P.2d 412, 16 A.L.R.2d 1208 (1950); the tax in the instant case is an occupation tax, which is a delegation of the taxing power by the legislature for revenue purposes. Provo City v. Provo Meat Packing Co., 49 Utah 528, 165 P. 477 (1917).
6. W. F. Jensen Candy Co. v. State Tax Commission, 90 Utah 359, 61 P.2d 629, 107 A.L.R. 261 (1936); Robert H. Hinckley, Inc. v. State Tax Commission, 17 Utah 2d 70, 404 P.2d 662 (1965).
7. Salt Lake City v. Christensen Co., 34 Utah 38, 95 P. 523, 17 L.R.A.,N.S., 898 (1908); Davis v. Ogden City, supra, note 6.

Plaintiff's argument that the ordinance imposes a direct tax upon the transient (a group) is fallacious. It is an indirect tax upon himself and those similarly situated.[8] The constitutional provision[9] which imposes equality and uniformity of taxation of property has no application to an occupation tax.[10]

Where neither the constitution nor a statute imposes absolute restrictions on the power of taxation, the courts may not arbitrarily impose any, unless it clearly appears that the tax imposed is oppressive or clearly and unreasonably discriminatory, and thus is an abuse of the taxing power. This court cannot set up its judgment against that of the legislature in determining who shall be required to contribute to the revenues.[11]

In Howe v. State Tax Commission,[12] this court held that the thirty-day limitation provided a reasonable classification of the two classes of tenants. We are unable to perceive any distinction in the Howe classification and the one in the instant case, where the ordinance applies uniformly to all persons engaged in the business of providing rental accommodations to a certain class of tenants.

In view of the foregoing, we hold that plaintiff has not been denied equal protection under the law.[13]

Appellant's argument that the ordinance is invalid because the tax is levied solely on his particular group for the benefit of all businesses generally in Salt Lake County is well answered in New York Rapid Transit Corporation v. City of New York.[14] The City of New York levied an excise tax on every utility doing business in the city. The law specified that all revenues from the tax should be used solely and exclusively for the purpose of relieving the people of the city from the hardships and suffering caused by unemployment. The local law was admittedly passed under authority granted by the state legislature and was assailed under the United States Constitution as violative of the equal protection and due process clauses of the Fourteenth Amendment.

The court observed at pages 578, 583–585, 587 of 303 U.S., at pages 724, 727–728 of 58 S.Ct., at page 1030 of the Lawyer's Edition:

8. Crockett v. Salt Lake County, 72 Utah 337, 270 P. 142, 60 A.L.R. 867 (1928).
9. Art. XIII, sec. 3.
10. Salt Lake City v. Christensen Co., supra, note 7.
11. Salt Lake City v. Christensen Co., supra, note 7; Garrett Freightlines, Inc. v. State Tax Comm., 103 Utah 390, 135 P.2d 523, 146 A.L.R. 1003 (1943).

12. 10 Utah 2d 362, 353 P.2d 468 (1960).
13. See: Allied Stores of Ohio v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959); Texas Co. v. Cohn, 8 Wash. 2d 360, 112 P.2d 522 (1941); Commonwealth v. Life Assur. Co. of Pa., 419 Pa. 370, 214 A.2d 209 (1965).
14. 303 U.S. 573, 58 S.Ct. 721, 728, 82 L. Ed. 1024 (1938).

The power to make distinctions exists with full vigor in the field of taxation, where no "iron rule" of equality has ever been enforced upon the states. [citations omitted] A state may exercise a wide discretion in selecting the subjects of taxation [citations omitted] particularly as respects occupation taxes, [citations omitted]. * * *

As a further ground for the invalidity of the Local Laws the corporation urges that "the classification must rest upon some ground of difference, having a fair and substantial relation to the object of the legislation." It is asserted and correctly so, that the Local Laws in question, as well as the state enabling statutes, show by their titles and content that the proceeds of the challenged taxes were for the relief of unemployment. Violation of the rule invoked, it is asserted, occurs from the discrimination shown by the legislation in raising "a special fund for the particular purpose" from taxpayers no more responsible than others for the conditions. The corporation seems to be of the opinion that no "state or city can, without conflict with the Constitution, adopt a tax statute, which states a specific object sought to be accomplished thereby and which at the same time puts the entire burden of the tax upon one particular class of business, even though that class is in no different position in relation to the object sought to be accomplished than business in general." The brief states the point to be "that there is a distinction between the ordinary excise tax with no specific purpose attached thereto, and a tax which is part of a plan for the accomplishment of a specified object." The "object of the legislation," to the taxpayer, is apparently the relief of unemployment.

While, of course, the object of this legislation is in a sense to relieve unemployment, this is the object of the appropriation of the proceeds of the tax. The "object," as used in the rule and cases referred to by the corporation, is the object of the taxing provisions, i. e., the raising of the money. If the designation of utilities as the taxpayers under the legislation in question does not deny to them the equal protection of the laws, the fact that an appropriation of the funds for relief is a part of the legislation is not significant. "A tax is not an assessment of benefits." [citation omitted] Taxes are repeatedly imposed on a group or class without regard to responsibility for the creation or relief of the conditions to be remedied. * * * There need be no relation between the class of taxpayers and the purpose of the appropriation.

* * * In some cases a classification of taxpayers may be upheld as having a fair and substantial relation to a constitutional nonfiscal object, [citations omitted] but it is not constitutionally

necessary that the classification be related to the appropriation. * * * We conclude, therefore, that the provisions of the legislation earmarking the funds collected are not of importance in determining whether or not the classification of the challenged acts is discriminatory.

What we have said in showing that the Local Laws do not deny the equal protection of the laws also disposes of the corporation's contention that the local laws constitute a deprivation of due process, as being measured without regard to the net income of or ruinous effect on the taxpayers, and as laying on a particular class a burden which should be borne by all.[15]

In Garrett Freightlines Inc. v. State Tax Commission,[16] this court quoted with approval from A. Magnano Co. v. Hamilton, 292 U.S. 40, 54 S.Ct. 599, 601, 78 L.Ed. 1109. That case held that the due process clause of the Fourteenth Amendment is not a limitation upon the taxing power, unless the court is compelled to conclude that the act is so arbitrary that it does not involve an exertion of the taxing power, but constitutes in substance and effect, a different and forbidden power, such as, the confiscation of property. The court observed that collateral purposes or motives of a legislature in levying a tax of a kind within the reach of its lawful power are matters beyond the scope of judicial inquiry.

█ From the foregoing, this court holds that the challenged ordinance does not create an arbitrary, unreasonable or capricious classification in violation of either the state or federal constitution.

Appellant's final contention is that summary judgment should not have been granted. He argues that he was deprived of his right to offer evidence to support his allegations that the act was discriminatory as to him or that it was palpably arbitrary or grossly unequal in its application.

█ This opinion has already observed that when a complaint is made of an act of the legislature, the duty of this court is to determine whether the legislature had the power to adopt the statute and that in the matter of raising revenue, this court cannot set up its judgment against the legislature's in determining who shall be required to contribute.[17] In the instant case, this court has properly confined its inquiry to the scope of legislative power in the enactment of the ordinance. Rule 56, U.R.C.P., dictates the granting of summary judgment where there is no genuine issue of a material fact. The whole purpose of summary judgment would be defeated if a case could be forced to trial by a mere assertion that

15. Also see Beatty v. City of Santa Fe, 57 N.M. 759, 263 P.2d 697 (1953).

16. 103 Utah 390, 398, 135 P.2d 523, 146 A.L.R. 1003 (1943).

17. See note 11, supra.

**210**

an issue exists.[18] The trial court did not commit error by its granting of summary judgment.

Affirmed. Costs to respondent.

HENRIOD, C. J., McDONOUGH, and CROCKETT, JJ., and A. H. ELLETT, District Judge, concur.

18. Leininger v. Stearns-Roger Manufacturing Company, 17 Utah 2d 37, 404 P.2d 33 (1965).