496 P.2d 883

AMBASSADOR ATHLETIC CLUB,
Plaintiff,

v.

UTAH STATE TAX COMMISSION,
Defendant.

No. 12395.

Supreme Court of Utah.

May 1, 1972.

J. Jay Bullock, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for defendant.

WILKINS, District Judge:

This is an appeal from a determination of the State Tax Commission that plaintiff must pay taxes on the amount received from the rental of rooms, under Section 59-15-4(f), U.C.A.1953, requiring a tax for tourist home, hotel, motel, or trailer court. Plaintiff is a nonprofit social club organized for the purpose of promoting sports and recreational activities, as well as brotherhood among its members. It has a limited number of rooms which it makes available to members, their guests, or members of clubs in other cities with which

the plaintiff has a reciprocal agreement. Reversed.

The primary issue on appeal is whether the Ambassador Club, which provides room rentals to a limited, designated group only, qualifies as a hotel under the statute in question, and therefore should be required to pay the tax assessed.

 Since the legislature did not define the word "hotel," it must be assumed it was intended to have a meaning generally understood and accepted by the public. The commonly accepted meaning of a hotel is:

> . . . a building held out to the public as a place where all transient persons who come will be received and entertained as guests for compensation.[1]

A hotel opens its facilities to the public as a whole, rather than limit accessibility to a well-defined private group. The Ambassador Athletic Club is not open for room rentals, or any other services, to the general public, but is restricted to a limited and clearly definable group of people.

It is contended by respondent that as a result of Howe v. Tax Commission, 10 Utah 2d 362, 353 P.2d 468 (1960), the act in question covers a particular type of service, to be taxed regardless of the name used. Therefore, respondent urges if a facility provides the service of a hotel it will be taxed as a hotel, regardless of what it is called by its proprietors. This is true, and would make the plaintiff liable for the tax if it performed the function of a hotel. The fact is that since plaintiff does not hold itself out as providing services for the public as a whole, it does not perform the function of a hotel.

> . . . hotels are established and maintained for the purpose of serving the public. The opening of a hotel is an invitation to the public to become its guests.[2]

This was certainly not the case in the present dispute. The Ambassador Club not only has never invited the public, formally or impliedly, but it is clearly understood that its facilities are open to a restricted group of people. In the Howe case the court after stating that it was the character of the service which brought an establishment within the coverage of the act, went on to say:

> . . . accordingly if people having apartments, or rooms, or other places with lodging accommodations, furnish that character of service, by its very nature they must, by advertising, posting signs or in some manner make it known to the public that they are so operating, and they would be subject to the tax, by

---

1. Appeal of Wellsboro Hotel Co., 336 Pa. 171, 7 A.2d 334 (1939), footnote 2; see also 19A Words and Phrases, Hotel p. 439.

2. Clemons v. Meadows, 123 Ky. 178, 94 S.W. 13.

whatever title the place may be called. There is nothing in the nature of the services provided by the Ambassador Athletic Club which would tend to advertise to the public that it is functioning as a hotel.

The Ambassador Athletic Club does not fall within the institutions subject to a tax under Section 59–15–4(f), U.C.A.1953, and therefore, the determination of the Tax Commission as to the liability of appellant under said statute is hereby reversed.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.

HENRIOD, J., having disqualified himself, does not participate herein.