**The STATE of Utah, Plaintiff and Respondent,**

v.

**Samuel S. TAYLOR, Defendant and Appellant.**

**No. 13949.**

Supreme Court of Utah.

Oct. 23, 1975.

---

8.  See note 6.

Bradley Rich, of Salt Lake Legal Defender Assn., Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, for plaintiff-respondent.

MAUGHAN, Justice:

Defendant appeals from a conviction for the crime of operating a business, in Salt Lake County, without a valid business license. His defense was predicated on the ground that the ordinance was unconstitutional in that it denied him equal protection of the law in violation of the Fourteenth Amendment of the Constitution of the United States. We affirm the judgment of the trial court.

Defendant operates a hearing aid service in his home which is located in the unincorporated area of Salt Lake County. The County Commissioners enacted an ordinance levying a license fee upon the business of every person engaged in business within the county. By its express terms, the ordinance is a revenue measure. The license fee was $30 per place of business; plus an additional fee of $3, for each and every employee, exceeding one. However, a person having a gross sale of goods or services which amounted to less than $10,-000 for the preceding calendar year was entitled to an exemption of $22.50. Furthermore, the maximum fee under the ordinance was set at $780. Defendant did a gross business of less than $10,000; so under the ordinance he was required to pay a fee of $7.50. He refused to pay this sum.

On appeal defendant contends that he was denied equal protection of the law in that the ordinance discriminated against small businessmen. He asserts that local government has an obligation to tax proportionally throughout the tax base. Defendant explained that he must pay $7.50, as the operator of a business with gross earnings of less than $10,000 per annum, while a corporation with gross earnings of many times this amount is subject to a maximum fee of only $780. Defendant argues that this system of taxation casts a disproportionate burden on the small businessman and thus violates the equal protection clause of the Fourteenth Amendment.

In *L. S. Clark v. Titusville*,[1] it was urged that an occupation tax which was not in proportion to the amount, but varied with the amounts which were arbitrarily fixed violated the equal protection clause of the Fourteenth Amendment. The court explained that there may be inequality among members of different classes. All that is required, under the Fourteenth Amendment, is equality among members of each class. The court stated that if there be inequality it must be because the members of a class are arbitrarily made such and burdened as such, upon no distinctions justifying it. The court stated that the rule of equality of the Fourteenth Amendment does not require exact equality of taxation, but only that the law imposing the tax shall operate on all under the same circumstances. The court ruled that where a tax on the privilege of doing business was graded according to the value, it may not be deemed unequal in operation solely because it does not levy the same percentage on every dollar.

The United States Supreme Court has adhered to this interpretation that the Equal Protection Clause imposes no iron rule of equality upon the States in the exercise of their taxing power. The state is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use, or value. A state must proceed upon a rational basis, and may not resort to a classification which is palpably arbitrary. However, a state may discriminate in favor of a cer-

1. 134 U.S. 329, 22 S.Ct. 382, 46 L.Ed. 569 (1901).

tain class, if the discrimination is founded upon a reasonable distinction or difference in state policy.[2]

█ In *Menlove v. Salt Lake County*[3] this court observed that when government imposes a fee for the purpose of raising revenue, it is classified as an occupation tax. In such a case, the legislative branch is exercising its revenue-producing prerogative and is endowed with a broader degree of discretion in its classification.

In *Salt Lake City v. Christensen Co.*[4] this court cited the rule that taxes need not be equal as between individuals but shall be uniform in respect to the class upon which they are imposed. This court held that classifying merchants into groups according to the value of their stocks did not violate the precept of uniformity. In *Davis v. Ogden City*[5] this court approved an occupation tax based on the gross income of the businesses concerned and described it as one of the permissible means a taxing unit may use in providing for greater equality and more uniformity in imposing the tax.[6]

█ The classification of Salt Lake County in levying an occupational tax may not be deemed arbitrary, since there is a reasonable distinction between the class upon which a fee of $7.50 is collected and the class which must pay the maximum of $780.

Defendant further contends that the classification was arbitrary and capricious since employees are exempt from the tax under the ordinance. The identical argument was urged in *Davis v. Ogden City*[7];

this court responded that such a classification was not arbitrary and capricious as employees are not persons similarly situated to those who operate their own businesses.[8]

█ Defendant further contends that he was denied equal protection, since under state law, insurance agents may not be charged the occupation tax under the ordinance. Section 31–14–4(5), U.C.A.1953, provides that the taxes and fees provided under the insurance code shall be in lieu of all other state, county, and municipal licenses and fees of every kind and character. The county derives its power to enact an occupation tax ordinance from Section 17–5–27, U.C.A.1953, which confers authority to license, for the purpose of revenue, all and every kind of business, where such action is not prohibited by law. Defendant urges that this arbitrary exclusion of insurance agents by the legislature from its grant of power to the counties to collect an occupation tax is unreasonable.

Under a taxing statute, if the exempted persons or businesses may be included in a distinct class, then the equal protection of the laws has not been denied to those taxed.[9] There is nothing unreasonable in the legislative determination to designate the insurance business as a distinct class and to create a separate scheme of taxation therefor.

HENRIOD, C. J., and CROCKETT and TUCKETT, JJ., concur.

ELLETT, J., concurs in the result.

2. *Allied Stores of Ohio v. Bowers*, 358 U.S. 522, 526–528, 79 S.Ct. 437, 3 L.Ed.2d 480 (1958).

3. 18 Utah 2d 203, 418 P.2d 227 (1966).

4. 34 Utah 38, 95 P. 523 (1908).

5. 117 Utah 315, 215 P.2d 616 (1950).

6. See 9 McQuillin, Municipal Corporations (3rd Ed.Rev.) Sec. 26.60, pp. 142–146; Tom's Tavern, Inc. v. City of Boulder, Colo., 526 P.2d 1328 (1974).

7. See note 5, supra.

8. See *Armstrong v. State*, 61 Wash.2d 116, 377 P.2d 409 (1962), wherein it is observed that there is a logical basis for a distinction between those who are privileged to conduct a business of their own, and those who are simply employed by others.

9. *Fox Bakersfield Theatre Corp. v. City of Bakersfield*, 36 Cal.2d 136, 222 P.2d 879 (1950).