**SALT LAKE CITY, a Municipal Corporation of the State of Utah, Plaintiff and Respondent,**

v.

**Golden W. ROBBINS, Defendant and Appellant.**

**No. 14179.**

Supreme Court of Utah.

June 3, 1976.

David R. Bowen, Salt Lake City, for defendant and appellant.

Roger F. Cutler, Salt Lake City Atty., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

Salt Lake City, in order to raise revenue, passed an ordinance making it unlawful to engage in or carry on any business within Salt Lake City for which a license is required without first procuring the license.[1]

Another ordinance[2] defined "Engaging business," inter alia, as rendering personal services for others for a consideration by persons engaged in any profession.

The ordinance[3] then levied an annual license fee upon each place of business in the amount of $30 plus $3 for each and every employee, exceeding one, engaged in the operation of the business.

 Mr. Robbins is an attorney engaged in the practice of law within the limits of Salt Lake City and has several stenographers in his employment, but has no partner. He refused to take out a license claiming that the city had no authority to license professions where personal services are rendered to the public. This claim was answered contrary to his contention in the case of *Davis v. Ogden City*[4] wherein this court held that a city could, as a revenue producing measure, license those engaged in the practice of law.

Mr. Robbins further claims that the ordinance is void in that it does not apply uniformly to lawyers who practice alone and to those who have a partnership arrangement.

The answer to that argument is that the ordinance does not purport to tax attorneys, it licenses businesses and each business is taxed uniformly.

The ordinance provides that the license fee for businesses with gross earnings of $10,000 or less per year will be only $7.50. This type of ordinance was held to be constitutional in the recent case of *State v. Taylor*.[5]

Mr. Robbins makes a claim that the ordinance has been discriminately administered. There is no merit to that claim. Those lawyers, like Mr. Robbins, who refuse to pay their license fee are sued for the amount, and until the city finds out that a lawyer is not paying the tax it cannot be held to discriminate in favor of a nonpaying lawyer merely because it did not sue or prosecute before it discovered the situation.

This appeal is from a summary judgment whereby the trial court held Mr. Robbins liable, as a matter of law, for the unpaid license fees. The ruling of the trial court was correct and the judgment is therefore affirmed. No costs are awarded.

CROCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., concurs in the result.

TUCKETT, J., dissents.

1. Sec. 20-1-1, Revised Ordinances of Salt Lake City.

2. Sec. 20-3-1(2), Revised Ordinances of Salt Lake City.

3. Sec. 20-3-2.

4. 117 Utah 315, 215 P.2d 616 (1950).

