LITTLE AMERICA HOTEL CORPORA-
TION, a Utah corporation, and Utah
Hotel Company, a Utah corporation, et
al., Plaintiffs and Appellants,

v.

SALT LAKE CITY, a municipal corpo-
ration of the State of Utah,
Defendant and Appellee.

Nos. 870259, 870286.

Supreme Court of Utah.

Dec. 28, 1989.

Lon Rodney Kump, David J. Bird, Salt
Lake City, for plaintiffs and appellants.

Roger F. Cutler, Kent W. Winterholler,
James M. Elegante, Dorothy C. Pleshe,
Robert Gordon, Paul H. Proctor, Salt Lake
City, for defendant and appellee.

HOWE, Associate Chief Justice:

Little America Hotel Corporation and
Utah Hotel Company appeal from a sum-
mary judgment entered against a coalition
of innkeepers, upholding defendant Salt
Lake City's "Innkeeper License Tax" ordi-
nance.

In 1982, Salt Lake City enacted the ordi-
nance imposing a license tax on innkeepers
in the amount of one percent of the gross
revenue derived from rental of rooms for
less than 30 days.[1] A coalition of innkeep-
ers filed suit below challenging the imposi-

---

1. The ordinance provides in pertinent part:
   Sec. 20-3-15. Innkeeper license tax.
   (1) There is hereby levied upon the busi-
   ness of every person, company, corporation,
   or other like and similar persons, groups or
   organizations, doing business in Salt Lake
   City, Utah, as motor courts, motels, hotels,
   inns or like and similar public accommoda-
   tions, an annual license tax equal to one per-
   cent (1%) of the gross revenue derived from
   the rent for each and every occupancy of a
   suite, room or rooms, for a period of less than
   thirty (30) days.
   Salt Lake City, Utah Rev. Ordinances (1965,
   1982 as amended).

tion of the tax. The district court granted the City's motion for summary judgment in part, dismissing all of plaintiff innkeepers' claims save that of whether the tax classification was arbitrary or discriminatory as applied. Later, the court granted summary judgment to the City on this remaining issue. Two of the plaintiffs, Little America and Utah Hotel Company, appeal from that judgment.

The Hotels contend that the classification in the ordinance is not reasonably related to raising revenues and is illegally discriminatory because it fails to include others similarly situated. The Hotels allege violations of the equal protection clause of the fourteenth amendment to the United States Constitution, the due process clause and the uniform operation of the laws provision in the Utah Constitution, and the uniformity provision in the Utah Code. U.S. Const. amend. XIV, § 1; Utah Const. art. I, §§ 7, 24; Utah Code Ann. § 10–8–80 (1986). The Hotels also assert that the trial judge erred in granting summary judgment because the factual issue exists whether the tax bears a reasonable relationship to the achievement of a legitimate legislative purpose. Finally, the Hotels contend that the tax is a sales or income tax which the City is not statutorily authorized to levy.

The City responds that the tax was imposed on a class of hotels and rooming houses similarly situated for the valid purpose of raising revenue. The City also counters that our statutes specifically empower cities to impose a license tax on hotels and that the gross receipts tax is not an illegal sales or income tax.

We stated in *Blue Cross and Blue Shield of Utah v. State*, 779 P.2d 634, 636 (Utah 1989):

A grant of summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. In considering an appeal from a grant of summary judgment, we view the facts in a light most favorable to the losing party below.

(Citations omitted.)

■ We consider first the Hotels' contention that the taxation scheme violates both the equal protection clause of the federal constitution and the uniform operation of the laws provision of the Utah Constitution. U.S. Const. amend. XIV, § 1; Utah Const. art. I, § 24. The Hotels fail to articulate any test under Utah Constitution article I, section 7, and we therefore decline to deal with this section separately. We have previously determined that if a statute can withstand scrutiny under article I, section 24, it will not be found to violate the federal equal protection clause. *Blue Cross and Blue Shield*, 779 P.2d at 637; *Mountain Fuel Supply Co. v. Salt Lake City Corp.*, 752 P.2d 884, 890 (Utah 1988). We have also determined "that if article I, section 24 is satisfied, so is the uniformity requirement of [Utah Code Ann.] section 10–8–80." *Mountain Fuel Supply Co.*, 752 P.2d at 888. The appropriate level of scrutiny is therefore made under article I, section 24.

The legal principles which govern our review of the Hotels' claims under article I, section 24 are identical to those espoused in *Blue Cross and Blue Shield*. Accordingly, they are reproduced with citations omitted.

Article I, section 24 of the Utah Constitution commands that "[a]ll laws of a general nature shall have uniform operation." Utah Const. art. I, § 24. The concept underlying this provision is "the settled concern of the law that the legislature be restrained from the fundamentally unfair practice" of classifying persons in such a manner that those who are similarly situated with respect to the purpose of a law are treated differently by that law, to the detriment of some of those so classified. In scrutinizing a legislative measure under article I, § 24, we must determine whether the classification is reasonable, whether the objectives of the legislative action are legitimate, and whether there is a reasonable relationship between the classification and the legislative purposes.

*Blue Cross and Blue Shield*, 779 P.2d at 637.

The first question in our analysis is whether there is anything inherently unrea-

sonable in the legislature's classification. The Hotels assert that the class of innkeepers is a discriminatory class because it fails to include other businesses similarly situated such as those who let office space or rooms for more than 30 days. The tax applies to all innkeepers without discrimination. Treating the innkeepers as a class is "not in the abstract a discrimination 'with no rational basis.'" *Mountain Fuel Supply Co.*, 752 P.2d at 890 (quoting *Mountain States Legal Found. v. Utah Public Serv. Comm'n*, 636 P.2d 1047, 1055 (Utah 1981)). Innkeepers have previously been treated as a class for the purpose of imposing a transient room tax. *Menlove v. Salt Lake County*, 18 Utah 2d 203, 207, 418 P.2d 227, 229 (1966); *see also Howe v. Tax Comm'n*, 10 Utah 2d 362, 364, 353 P.2d 468, 469 (1960) (persons engaged in renting lodgings of short period or stopover type are a valid class). The classification is therefore a reasonable one.

The second issue under the *Blue Cross and Blue Shield* analytical model is the legitimacy of the objectives pursued by the legislation. The purposes of the Innkeeper License Tax are to raise revenue for general government expenses and to equitably spread the tax burden. Both are legitimate legislative purposes. *Mountain Fuel Supply Co.*, 752 P.2d at 890–91.

The third question is whether the legislature chose a permissible means to achieve its legitimate ends. *Blue Cross and Blue Shield*, 779 P.2d at 641. According to the Hotels, a reasonable relationship between means and ends must be shown to render the means permissible. They argue that "in order to justify a tax directed only at the limited class of Innkeepers as being reasonably related to the objective of more equitably spreading the tax burden, there must in fact be some inequity in the tax burden on innkeepers without the tax." The Hotels rely on *Mountain Fuel Supply*, where this Court "refer[red] to undisputed evidence" and relied on a "factual determination" in reaching a decision that the City chose a permissible means to achieve its legitimate ends. The Hotels conclude that the City must show, as a matter of fact, that the tax paid by inn-

keepers and their guests is less than that paid by other taxpayers or that the services provided by Salt Lake City to innkeepers and their guests cost more than those provided to other businesses. Viewing the facts in the light most favorable to the Hotels, they can show that a factual question exists as to both of these matters. However, the district court properly held that these comparisons were irrelevant to the issue of whether the tax classification was arbitrary and/or discriminatory as applied. The court held that the relationship between the benefits received by the Hotels and the taxes they paid was not an issue for determination. *See Menlove*, 18 Utah 2d at 208, 418 P.2d at 230 ("A tax is not an assessment of benefits.").

In *Mountain Fuel Supply*, this Court considered the facts in the record in a light most favorable to the appellant, who made no showing that the tax imposed upon it was unduly burdensome. 752 P.2d at 891. We said, "The City is not to be denied the most effective means of raising needed revenues unless that means imposes an unreasonable burden on the affected parties." *Id.* Aggrieved parties may try to show an unreasonable burden in several ways, including financial hardship, heavy administrative costs in collecting the tax, and competitive burdens that are unreasonable in light of the reasons for the tax classification. *See Blue Cross and Blue Shield*, 779 P.2d at 645; *Mountain Fuel Supply*, 752 P.2d at 891.

Appellant Hotels made no attempt in accordance with these principles to show that an unreasonable burden was imposed upon them. They instead misdirected the focus of the inquiry to the legislative objective of equitably spreading the tax burden, ignoring the equally applicable objective of raising revenue. The practical effect of the Hotels' contention would be to shift the burden of proof to the City to show that a particular group is undertaxed before classifying it for taxation purposes. The City has no burden to create classifications with logical precision or guarantees of equality. "Legislative enactments that are basically economic in nature rarely affect all persons

equally.... If courts were to insist upon logical precision in creating classifications not consistent with the nature of the problem to be addressed, legislative power would be seriously crippled." *Baker v. Matheson*, 607 P.2d 233, 243 (Utah 1979). To impute such a burden to the City would be antithetical to two principles of review outlined in *Blue Cross and Blue Shield*, 779 P.2d at 637: "[S]tatutes are presumed to be constitutional and the party challenging a statute bears the burden of proving its invalidity," and specifically in the tax area, "we give broad deference to the legislature when scrutinizing the reasonableness of its classifications and their relationship to legitimate legislative purposes." We conclude that as a matter of law, the City has chosen a reasonable means to achieve legitimate legislative ends. *See also Mountain Fuel Supply*, 752 P.2d at 891.

■ The Hotels' final argument that the innkeeper license tax is a sales or income tax which the City is not statutorily authorized to levy is without merit. *Mountain Fuel Supply*, 752 P.2d at 891. The City has the authority to levy the license tax pursuant to Utah Code Ann. § 10–8–80 which "explicitly authorizes the cities to raise revenue by taxing licensees." *Mountain States Tel. and Tel. Co. v. Salt Lake County*, 702 P.2d 113, 117 (Utah 1985). That statute provides that cities "may raise revenue by levying and collecting a license fee or tax on any business within the limits of the city, and regulate the same by ordinance...." Utah Code Ann. § 10–8–80 (1986). The City's position is strengthened by reference to section 10–8–39, which provides that cities "may license, tax and regulate ... hotels, and other public places, boardinghouses ... [and] lodginghouses." Utah Code Ann. § 10–8–39 (1986). The authority to license for revenue purposes is conferred in "unequivocal terms" by these statutes. *See Davis v. Ogden City*, 215 P.2d 616, 621 (Utah), *reh'g denied*, 118 Utah 401, 223 P.2d 412 (1950).

The summary judgment is affirmed.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.