Ruthie McCOY and Tommie McCoy, Plaintiffs/Appellants,

v.

SIMON SIGN ERECTION COMPANY, Defendant/Respondent.

No. 61833.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 3, 1993.

W. Morris Taylor, William K. Meehan, W. Morris Taylor, P.C., Clayton, for plaintiffs, appellants.

George F. Kosta, Kosta & Associates, St. Louis, for defendant, respondent.

SMITH, Judge.

Plaintiffs appeal from the action of the trial court in directing a verdict in favor of defendant Simon Sign Erection Company in this tort action for injuries suffered in a fall by Ruthie McCoy (hereinafter plaintiff). We affirm.

Plaintiff was walking on a public sidewalk next to Jewish Hospital when she stepped into a hole and fell, sustaining serious injuries. As part of an effort by the four medical institutions in the area, Washington University Medical Center, at least a year earlier, entered into a contract with a general contractor, Podlocki and Sons, to erect and relocate signs in the area. Simon Sign was a subcontractor of Podlocki and removed a sign from the location where plaintiff subsequently fell. As part of the removal, Simon Sign also cemented the area where the sign had been located to bring the sidewalk back to grade.

Plaintiffs sued Washington University Medical Center, Jewish Hospital, City of St. Louis, Podlocki and Simon Sign. Washing-ton University settled prior to trial. City of St. Louis received a verdict in its favor. Jewish Hospital had a verdict of $525,000 rendered against it and thereafter settled and was dismissed with prejudice. Podlocki and Simon Sign received directed verdicts at the close of all the evidence and Podlocki settled after appeal was filed. The basis of the directed verdicts was that as a contractor the liability of Simon and Podlocki terminated when the work was accepted by the owner.

The general rule as stated most recently by the Supreme Court in *Gast v. Shell Oil Company*, 819 S.W.2d 367 (Mo. banc 1991) [1] is that "after the owner accepts a structure, ... a general contractor is not liable to persons with whom he did not contract." The same rule obviously applies to a subcontractor. The basis of the rule would appear to be that after acceptance by the owner the obligation for the safety of the premises is on the owner who has exclusive control of the premises. The contractor at that point has no authority to be on the property to remedy the condition. *See Coleman v. City of Kansas City*, 859 S.W.2d 141, —— (Mo.App.W.D.1993). In keeping with that rationale an exception to the general rule has been recognized. The exception is stated in *Begley v. Adaber Realty and Investment Company*, 358 S.W.2d 785 (Mo.1962) [6–8] to apply:

> where the structure was so defectively constructed as to be essentially and imminently dangerous to the safety of others; the defects are so hidden and concealed that a reasonably careful inspection would not have disclosed them, and these things are known to the defendants but not to those who accepted them.

The accident to plaintiff occurred on May 31, 1987. Simon Sign's work was completed approximately a year before the fall and it was paid, which constituted acceptance, in November 1986. Under the general rule Simon Sign was released from liability prior to the accident. We must determine if the exception applies. We entertain some doubt that the condition described in the evidence rises to the level of being "essen-

tially and imminently dangerous to the safety of others" as were the conditions in cases applying the exception. *See Begley, supra; Honey v. Barnes Hospital,* 708 S.W.2d 686 (Mo.App.1986); *Chubb Group of Insurance Companies v. C.F. Murphy and Associates,* 656 S.W.2d 766 (Mo.App. 1983). We need not however rule that issue.

The thrust of the exception is that the owner is not aware of the defective condition and is not easily able to determine that a defect exists. The owner is not therefore in a position to correct the condition and under those circumstances the contractor should bear liability for injuries sustained. We have been cited to no cases and our independent research has found no Missouri cases in which the defect was hidden at the time of acceptance of the work but was plainly visible to the owner prior to the accident. Logically, the rule and exception as defined would call for no liability on the contractor's part because the owner did or should have become aware of the defective condition and remedied it. It is therefore the negligence of the owner in failing to correct the condition and make his property safe which causes the injury. *See Goar v. Village of Stephen,* 157 Minn. 228, 196 N.W. 171 (1923) [5]; *Leininger v. Stearns–Roger Manufacturing Co.,* 17 Utah 2d 37, 404 P.2d 33 (1965) [6]. Assuming Simon Sign's negligence, the evidence in plaintiff's case established that "well before" plaintiff's fall the condition of the sidewalk could be easily observed and was in fact noted by a Jewish Hospital employee whose duties included observing and reporting dangerous conditions. The trial court correctly directed a verdict in favor of Simon Sign.

Judgment affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.