Argued April 2, reversed and remanded June 1, 1973

LAPP, *Appellant, v.* ROGERS ET UX, *Respondents.*
510 P2d 551

*Donald C. Walker,* Portland, argued the cause and filed a brief for appellant.

*Edward H. Warren,* Portland, argued the cause for respondents. On the brief were Hershiser, Mitchell & Warren, Portland.

O'CONNELL, C.J.

This is an action to recover for personal injuries suffered by plaintiff tenant when she fell on a stairway in an apartment building owned by defendant landlords. Defendants demurred to plaintiff's complaint. The demurrer was sustained and plaintiff appeals.

The complaint alleges that the apartment house was owned by defendants and was located in Portland, Oregon; that plaintiff was a tenant in the apartment house; that plaintiff's apartment consisted of a downstairs and upstairs, with the stairway in question leading to the second floor of the apartment; that defendants failed to provide a handrail on the stairway; that in 1941 when the building was constructed the Portland building code (which is now in effect)

required the owner of premises with stairways over three risers in height to provide handrails; that the stairway on which plaintiff fell was more than three risers in height; that as a result of defendants' negligent failure to provide handrails plaintiff fell and was injured.

Defendants demurred to the complaint on the ground that in an action by a tenant against a landlord for injuries caused by a defect existing at the time the tenant takes possession, the tenant must show that the condition was latent and unknown to the lessee. The demurrer was sustained.

■ In the absence of a controlling statute or ordinance a lessor is ordinarily not liable to his lessee for injuries caused by a dangerous condition which existed when the lessee took possession.[1] To this general rule there are a number of exceptions, the principal one of which is to the effect that the lessor is subject to liability if he fails to disclose to his lessee a dangerous condition which is known to lessor but unknown to the lessee and which the lessor has reason to expect that the lessee will not discover.[2]

If the common law rules defining the lessor's duty are applicable, then the demurrer was properly sustained because the complaint alleges as the cause of injury a condition which would be known to plaintiff.

Plaintiff, however, contends that the lessor's duty was changed by the ordinance so as to impose liability for injuries caused by the failure to provide handrails

---

[1] See Restatement (Second) of Torts § 356 (1965).

[2] The various exceptions are stated in Restatement (Second) of Torts §§ 357-362 (1965).

even if the lessee is aware of the danger created by their absence. The ordinance provides as follows:

"HANDRAILS AND RAILINGS

"Section 516. All stairways over three (3) risers in height shall have a substantial railing along the outside of same and if stairs are over four (4) feet or more in width, a railing shall be provided on both sides. Substantial railings shall be provided for well holes of stairs and all handrails to be used by the public shall be at least thirty (30) inches in height measured vertically in the center of treads or in the center of platform landings."

Defendants concede that, assuming the other conditions precedent to liability are properly pleaded, the violation of the ordinance may constitute negligence. Defendants' only contention is that plaintiff failed to plead the other condition precedent to liability, namely that the defective condition of the premises which caused the injury was known to the lessor, was unknown to the lessee, and was a condition which the lessor had reason to expect that the lessee would not discover. Thus it appears that defendants are willing to concede that the ordinance imposed upon them a duty as landlords to provide handrails on premises under the control of plaintiff lessee. Defendants simply argue that the duty imposed by the ordinance does not rise any higher than the duty imposed by the common law.

■ We do not regard this as a reasonable interpretation of the ordinance. Once it is assumed that enactments such as the ordinance in this case are intended to prescribe the standards to be applied in personal injury litigation (an assumption which this court has adopted in holding that the violation of a statute is

negligence per se),[3] it would be unreasonable to treat the ordinance as imposing a duty upon lessors only where the absence of handrails was unknown to the lessee. That situation would seldom, if ever, arise and therefore the ordinance would provide little, if any, protection to lessees.[4] It seems more reasonable to construe the ordinance as providing protection to lessees regardless of their knowledge of the absence of handrails.

■ This does not mean that plaintiff cannot be barred by contributory negligence. Plaintiff's interest is comparable to that enjoyed by the plaintiff in *Dawson v. Payless for Drugs,* 248 Or 334, 433 P2d 1019, 35 ALR3d 222 (1967) where we recognized that although the plaintiff's knowledge of the danger did not necessarily bar recovery, the defendant still had the defense of contributory negligence if it could be shown that the plaintiff failed to exercise due care in the course of encountering the known risk.[5]

---

[3] Barnum v. Williams, 264 Or 71, 504 P2d 122 (1972).

[4] See Feuerstein and Shestack, Landlord and Tenant—The Statutory Duty to Repair, 45 Ill L Rev 205, 216 (1950):

"* * * Moreover, the above view would largely nullify the statute. In the typical situation where the tenant knows of the defect and continues to use those premises if he is to remain a tenant, a holding that such knowledge and use bars recovery would, in effect, accord the landlord tort immunity from the consequences of violation of the statute."

[5] See Feuerstein and Shestack, *supra* note 4 at 216-17: "* * * Under the common law, where the plaintiff was entitled to exercise a privilege or right, and the defendant's negligence made the plaintiff's exercise of this right or privilege impossible unless he knowingly exposed himself to a risk of bodily harm, the plaintiff was not guilty of contributory negligence unless exposure to that risk was unreasonable. An example may be seen in the common law duty imposed upon the landlord to repair common stairways. Where the landlord's neglect to repair resulted in a common stairway becoming defective, the tenant was not barred by contribu-

Support for our interpretation of the ordinance in this case is found in *McLain v. Haley*, 53 NM 327, 207 P2d 1013 (1949). In that case the plaintiff tenant fell on an outside stairway providing access to the second floor of the apartment which was occupied by the plaintiff and other tenants. A city ordinance required that "all stairs shall have walls or well secured balustrades or guards on each side." 207 P2d at 1013. The defendant failed to provide guard rails on the stairway. The court held that the violation of the ordinance would impose liability upon the lessor even though the stairway was free from latent defects.

Defendants attempt to distinguish *McLain v. Haley, supra,* from the present case on the ground that in *McLain* the premises on which the defect existed was a common passageway under the lessor's control and was not, as here, premises under the lessee's exclusive control. But the court did not rest its decision upon the ground that the lessor had control of the portion of the premises upon which the handrail was required to be constructed; rather the court pointed to the ordinance as the source of the lessor's duty.

■ We have noted above that defendants conceded that the ordinance could be regarded as applying to the circumstances of this case. This is, in effect, a concession that Ordinance No. 516 imposed upon lessors the duty to provide handrails not only on that portion of the premises under their control but also

---

tory negligence merely because he knew of the defect and used the stairway. The reasonableness of the use had to be considered, and in passing on this reasonableness the jury was to give weight to the availability of alternative stairways, the care with which the defective stairway was used, the urgency for its use and similar matters."

on premises in the exclusive control of lessees. Although the second sentence of the ordinance makes provision for railings on well holes of stairs and handrails "to be used by the public," the first sentence requires that "[a]ll stairways" over a certain dimension shall have railings. Unless some other part of the Portland Building Code of 1927 would indicate a more limited application, we would interpret Section 516 of the ordinance to require railings on all stairways whether under the lessor's or lessee's control.[⑥]

■ The complaint alleged all of the elements necessary to constitute a cause of action in negligence for the violation of an ordinance. Therefore the judgment is reversed and the cause is remanded.

---

[⑥] For a similar broad construction of legislation imposing a duty upon the lessor, see Michaels v. Brookchester, Inc., 26 NJ 379, 140 A2d 199 (1958).