James R. HALL, Brenda Hall, and Brenda Hall, as Guardian ad Litem for Karla Hall, a minor, Plaintiffs and Appellants,

v.

Harold WARREN, Raur Warren, Gary Warren and Newell Warren, Defendants and Respondents.

No. 16735.

Supreme Court of Utah.

June 30, 1981.

Robert M. McRae, Vernal, for plaintiffs and appellants.

John C. Beaslin, Vernal, for defendants and respondents.

STEWART, Justice:

Plaintiffs seek reversal of an adverse summary judgment in an action to recover damages against their landlords for personal injuries sustained as a result of a malfunctioning floor furnace in a rental unit.

Plaintiffs rented the residence on an oral month-to-month rental agreement commencing in February of 1976. At the time of the accident plaintiffs had occupied the rental property for approximately three years. On January 2, 1979, the floor furnace began to emit gases which resulted in the asphyxiation of plaintiffs. Emergency medical treatment was required and administered.

Plaintiffs claim they were unaware of any defect in the floor furnace and as a result had contacted neither defendants nor the Utah Gas Service Company for the purpose of having the furnace repaired. Before the accident plaintiffs had had little occasion to use the floor furnace, since alternative heating units had been sufficient prior to the severe weather conditions which occurred at the time of the accident. Plaintiffs also claim that at the time of moving in, and possibly one time thereafter, they were informed by defendants that the defendants intended to repair the floor furnace.

Plaintiffs based their claim for damages on three theories: negligence, breach of implied warranty, and strict liability. The trial court treated defendants' motion to dismiss as one for summary judgment and entered a judgment against plaintiffs on the ground that as a matter of law plaintiffs were not entitled to relief. We reverse and remand for trial.

On this appeal we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the losing party, *Durham v. Margetts,* Utah, 571 P.2d 1332 (1977); *Thompson v. Ford Motor Co.,* 16 Utah 2d 30, 395 P.2d 62 (1964).

The duty imposed upon landlords by legislative enactment and judicial decree clearly create grounds upon which the allegations in the complaint state a cause of action.

The duty of the landlord to use reasonable care to protect lessees may rest on common law principles of negligence. In *Stephenson v. Warner*, Utah, 581 P.2d 567 (1978), the Court held that a landlord had a duty to use reasonable care to prevent the occurrence of dangerous conditions. The Court stated:

It is not to be doubted that a landlord is bound by the usual standard of exercising ordinary prudence and care to see that premises he leases are reasonably safe and suitable for intended uses, nor that under appropriate circumstances he may be held liable for injuries caused by any defects or dangerous conditions which he created, or of which he was aware, and which he should reasonably foresee would expose others to an unreasonable risk of harm. [581 P.2d at 568.]

In addition, a landlord may be subject to a duty of care imposed by a statute or ordinance. The City of Vernal has adopted by ordinance the Uniform Building Code, 1976 Edition. Pertinent safety standards established by the Code are considered as much a part of a lease as if expressed in the contract. *Javins v. First National Realty Corp.*, 428 F.2d 1071 (D.C. Cir.1970); *Steele v. Latimer*, 214 Kan. 329, 521 P.2d 304 (1974).

The principle applies to oral leases, as well as written leases. In *Steele* plaintiff entered into a month-to-month oral lease. Notwithstanding the oral nature of the lease, the court read, by implication, the provisions of the City's housing code relating to minimum housing standards into the rental agreement between plaintiff and defendant:

Under familiar legal principles the provisions of the city's housing code relating to minimum housing standards were by implication read into and became a part of the rental agreement between Shirley Steele and Marvin E. Latimer. The pertinent rule of law is summarized in 17 Am.Jur.2d, Contracts, § 257, pp. 654–656:

"It is a general rule that contracting parties are presumed to contract in reference to the existing law; indeed, they are presumed to have in mind all the existing laws relating to the contact, or to the subject matter thereof. Thus, it is commonly said that all existing applicable or relevant and valid statutes, ordinances, regulations, and settled law of the land at the time a contract is made become a part of it and must be read into it just as if an express provision to the effect were inserted therein, except where the contract discloses a contrary intention . . . ." [*Id.* at 309–10.]

This obligation is in accord with the contemporary approach toward leased habitations which emphasizes the contractual nature of the relationship between the landlord and tenant instead of viewing a lease simply as demise of real estate.

To invoke the rule, a party must show (1) the existence of the statute or ordinance, (2) that the statute or ordinance was intended to protect the class of persons which includes the party, (3) that the protection is directed toward the type of harm which has in fact occurred as a result of the violation, and (4) that the violation of the ordinance or statute was a proximate cause of the injury complained of.

As a general rule, violation of a standard of safety set by a statute or ordinance is prima facie evidence of negligence.[1] Such a violation may be subject to

---

1. This Court at an early date held that violation of a statute or ordinance whose purpose is to protect life, limb or property constituted negligence per se. *Smith v. Mine & Smelter Supply Co.*, 32 Utah 21, 88 P. 683 (1907).

But the rule has undergone an evolution. Subsequent to *Smith*, the per se rule was modified to apply only in cases involving dangerous instrumentalities. *White v. Shipley*, 48 Utah 496, 160 P. 441 (1916). Since the case before us does not concern a dangerous instrumentality, the prima facie, rather than negligence per se, rule is applicable.

justification or excuse if the defendant's conduct could nevertheless be reasonably said to fall within "the standard of reasonable care under the circumstances." *Thompson v. Ford Motor Co.*, 16 Utah 2d 30, 33–34, 395 P.2d 62, 64 (1964). Accord, *Intermountain Farmers Ass'n v. Fitzgerald*, Utah, 574 P.2d 1162 (1978). See Restatement (Second) of Torts 2a, § 288A (1965), which enumerates the following defenses:

    (a) the violation is reasonable because of the actor's incapacity;

    (b) he neither knows nor should know of the occasion for compliance;

    (c) he is unable after reasonable diligence or care to comply;

    (d) he is confronted by an emergency not due to his own misconduct;

    (e) compliance would involve a greater risk of harm to the actor or to others.

In the instant case defendants contend that they should have been notified by plaintiffs if they had a complaint regarding the furnace. The record at this point does not establish that plaintiff had actual knowledge of the defect which caused the accident.[2] On the other hand, plaintiffs allege that defendants, on two occasions, expressly notified plaintiffs of their intent to repair the furnace. On both counts the issues are factual and must be tried.

The summary judgment in the instant case cannot be sustained. The allegations, if proven, may support a claim in negligence. Moreover, the record reveals disputed issues of material facts.

We deem it inappropriate in this case to address the issues of whether there is a duty on the landlord imposed by implied warranty of habitability or strict liability because of the abbreviated briefing of these issues.

The judgment is reversed and the case remanded for further proceedings.

Costs to Appellants.

HALL and CROCKETT,* JJ., and TUCKETT, Retired Justice, concur.

MAUGHAN, C. J., does not participate herein; TUCKETT, Retired Justice, sat.

WILKINS, J., heard the arguments but resigned before the opinion was filed.

---

We note, however, that some jurisdictions have held that a violation of a city building code constitutes negligence per se. *Harbour-Longmire Building Co. v. Carson*, 201 Okl. 580, 208 P.2d 173 (1949). See also *Lapp v. Rogers*, 265 Or. 586, 510 P.2d 551 (1973). Restatement (Second) of Torts, § 288B (1965), also recognizes the per se rule:

    (1) The unexcused violation of a legislative enactment or an administrative regulation which is adopted by the court as defining the standard of conduct of a reasonable man, is negligence in itself.

    The unexcused violation of an enactment or regulation which is not so adopted may be relevant evidence bearing on the issue of negligent conduct.

2. Even if plaintiff has actual knowledge of the defect, the defendant may still have a duty to provide protection regardless of the knowledge of the plaintiff. *Lapp v. Rogers*, 265 Or. 586, 510 P.2d 551 (1973). Of course, if plaintiff knows of the danger and subsequently fails to exercise due care, the defense of contributory negligence is available. See *Jacobsen Construction Co., Inc. v. Structo-Lite Engineering, Inc.*, Utah, 619 P.2d 306 (1980).

\* Crockett, Justice, concurred in this case before his retirement.