**John WEBSTER, Plaintiff and Appellant,**

v.

**Diana SILL and Mike Davis, Defendants and Respondents.**

**No. 18415.**

Supreme Court of Utah.

Dec. 13, 1983.

J. Douglas Kinateder, Salt Lake City, for plaintiff and appellant.

Allen M. Swan, Salt Lake City, for defendants and respondents.

STEWART, Justice:

The plaintiff, John Webster, appeals a summary judgment granted the defendants. The plaintiff entered into an agreement with his landlord, the defendant, Diana Sill, whereby he would be allowed a $25 monthly rent reduction for watering and mowing the lawn around the apartment. Sill offered the use of a manual push mower, but because it was in need of repair, the plaintiff obtained a power mower from his father and used that mower three or four times without mishap prior to the accident giving rise to this action.

On July 17, 1980, the plaintiff again mowed the lawn. When he came to an inclined section, one which he had previously mowed by going horizontally along the face of the slope, he began to mow the slope in a vertical fashion. On his second time down the slope, he slipped, caught his foot under the mower casing, and was injured when the mower blade severed his big toe.

One week later the plaintiff learned that Sill or her agent had watered the lawn on

the day of the accident. Subsequently, he filed this suit alleging that Sill, by watering the lawn, had created a dangerous and slippery condition on the lawn which caused his accident. The trial court granted summary judgment against the plaintiff.

A major purpose of summary judgment is to allow the parties to pierce the pleadings to determine whether there is a genuine issue of fact. To raise a genuine issue of fact, an affidavit must do more than reflect the affiant's opinions and conclusions. *Walker v. Rocky Mountain Recreation*, 29 Utah 2d 274, 508 P.2d 538 (1973). The affidavit must "set forth specific facts" showing there is a genuine issue for trial. Utah R.Civ.P. 56(e). The mere assertion that an issue of fact exists without a proper evidentiary foundation to support that assertion is insufficient to preclude the granting of a summary judgment motion. *Leininger v. Stearns Roger Mfg.*, 17 Utah 2d 37, 404 P.2d 33 (1965); *Foster v. Steed*, 19 Utah 2d 435, 432 P.2d 60 (1967).

Under Rule 56(c) of the Utah Rules of Civil Procedure, summary judgment shall be rendered if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Doubts or uncertainties concerning issues of fact properly presented, or the nature of inferences to be drawn from the facts, are to be construed in a light favorable to the party opposing the summary judgment. *Bowen v. Riverton City*, Utah, 656 P.2d 434 (1982); *Durham v. Margetts*, Utah, 571 P.2d 1332 (1977). In negligence cases, summary judgment is appropriate in only the most clear instances. *FMA Acceptance Co. v. Leatherby Insurance Co.*, Utah, 594 P.2d 1332 (1979).

On deposition, the plaintiff testified that when he started to mow, he was unaware that the grass was wet or damp. When asked what caused the injury he responded: "I couldn't understand how I slipped." He first concluded that the grass was wet and slippery only after he had spoken to Mike Sill and Mike Davis seven or eight days after the accident. They told the plaintiff that the grass had been watered the day of the accident. On the basis of the plaintiff's deposition testimony, Sill moved for summary judgment on the ground that the plaintiff's own admission established that there was no genuine issue of fact as to whether a dangerous condition existed which caused the accident.

After the deposition, the plaintiff filed an affidavit that impliedly, if not directly, contradicted a critical part of his deposition. Plaintiff argues on appeal that his affidavit created an issue of fact as to the element of causation. The affidavit states:

That on or about the 17th day of July, 1980, MIKE DAVIS or some other person acting as the agent of DIANA SILL intruded upon the responsibility and duty of the plaintiff and without his knowledge sprinkled a part of the lawn so that the lawn became wet and slippery and said persons negligently left the lawn in a slippery, wet, unsafe condition for mowing, which negligence resulted, on the 17th day of July, 1980, in the injury to the plaintiff in that the plaintiff slipped on the wet, slippery grass ....

In ruling on a motion for summary judgment, a trial court may consider, together with the affidavits filed, "the pleadings, depositions, answers to interrogatories, and admissions on file." Utah R.Civ.P. 56(c). A single sworn statement is sufficient to create an issue of fact. *Barnes Co. v. Sohio Natural Resources Co.*, Utah, 627 P.2d 56, 59 (1981). Clearly, it is not for a court to weigh the evidence or assess credibility. *Id.*

As a matter of general evidence law, a deposition is generally a more reliable means of ascertaining the truth than an affidavit, since a deponent is subject to cross-examination and an affiant is not. 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* § 56.11[4] at 56–277 (1983). That does not mean, however, that in summary judgment proceedings, a deposition should be accorded greater weight than an affidavit. The purpose of summary judgment is not to weigh the evidence. But when a party takes a clear position in a deposition, that is not modified on cross-ex-

amination, he may not thereafter raise an issue of fact by his own affidavit which contradicts his deposition, unless he can provide an explanation of the discrepancy. *Smith v. Ashley*, 29 Ill.App.3d 932, 332 N.E.2d 32 (1975); *Gaboury v. Ireland Road Grace Brethren, Inc.*, Ind., 446 N.E.2d 1310 (1983); *Mays v. Ciba-Geigy Corp.*, 233 Kan. 38, 661 P.2d 348 (1983); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir.1975); *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572 (2d Cir.1969). A contrary rule would undermine the utility of summary judgment as a means for screening out sham issues of fact. *Gaboury v. Ireland Road Grace Brethren, Inc., supra; Mays v. Ciba-Geigy Corp., supra.*

■ The rule that a moving party may not rely upon his own affidavit which contradicts his deposition must be administered with care. It is common knowledge that witnesses sometimes misstate themselves, may not properly understand the question propounded, or give equivocal answers. The rule that a party may not rely on a subsequent affidavit that contradicts his deposition to create an issue of fact on a motion for summary judgment does not apply when there is some substantial likelihood that the deposition testimony was in error for reasons that appear in the deposition or the party-deponent is able to state in his affidavit an adequate explanation for the contradictory answer in his deposition. *See Borus v. Yellow Cab Co.*, 52 Ill.App.3d 194, 9 Ill.Dec. 843, 367 N.E.2d 277 (1977).

In the instant case, the plaintiff testified in his deposition directly on the issue of causation.[1] His answer was clear and unequivocal that he did not notice that the grass was wet or slippery at the time of the accident. According to plaintiff's affidavit, the idea that he slipped because the grass was wet first occurred to him when he was told by the defendant, Mike Davis, several days later after the accident that the lawn had been watered the day of the accident. Furthermore, the affidavit failed to indicate the time of day the lawn was watered or how long it had been watered. Moreover, part of the affidavit was apparently based on an inadmissible hearsay statement by Mike Sill. Thus, Webster's theory of a dangerous condition arises from speculation based on what others told Webster and that speculation was contrary to his deposition.

■ On these facts, the plaintiff's affidavit does not explain the apparent discrepancy with the deposition. If the grass had been watered shortly before the mowing, plaintiff would certainly have noted any unusual slipperiness of the grass at the time he was mowing it, but his deposition did not indicate that the grass was slippery or that slipperiness of the grass was the cause of the accident. The plaintiff's affidavit wholly failed to explain the discrepancy between the deposition and the affidavit.

Webster relies on *Hall v. Warren*, Utah, 632 P.2d 848 (1981), for the proposition that, as a matter of law, summary judgment was erroneously granted against him. His reliance is misplaced. In *Hall* we reversed a summary judgment in favor of a landlord upon a plaintiff's allegation that asphyxiating gases leaked from a defective floor furnace and injured him. We reiterated the common law principle that a landlord may be held liable for injuries caused by dangerous conditions which he created,

---

1. The following exchange took place during the deposition:

Q. I'm trying to find out what you observed on that slope that has caused you to make an allegation in your complaint that you slipped on wet, slippery grass. You didn't observe it before and you didn't observe it after. Where did you get that notion?
A. Where did I get that notion? It was from my conversation with Mike Davis and Mike Sill.
. . . .

Q. So if I understand that answer, you are assuming from the fact that Mr. Mike Sill or Mr. Mike Davis told you that that section of lawn had been watered by one of them or someone to their knowledge, that is what caused you to slip?
A. Yes. I said I couldn't understand how I slipped. And they said, "Where did you slip?" And I pointed out where and he said that he had watered there.
The record does not indicate the amount of time between the watering and the accident, or the duration of the watering.

or of which he was aware, and which he reasonably should have foreseen would expose others to an unreasonable risk of harm. 632 P.2d at 850. In *Hall* it was clear that a dangerous condition existed, and that the landlord was aware of the danger.

Affirmed. Costs to respondents.

HALL, C.J., and OAKS and DURHAM, JJ., concur.

HOWE, Justice (concurring in the result):

I concur in the result. However, I cannot subscribe to the basis advanced by the majority opinion as to why summary judgment was proper. The majority seems to take the position that a plaintiff who is injured in a slip and fall accident, but who does not know at the time of the accident what caused him to slip, cannot afterwards by investigation or reconstruction supply the causation. The plaintiff here sustained the severance of one of his toes. It is understandable that he did not remain at the scene to investigate the cause of his slipping. He was bleeding profusely and was in pain. He wisely concentrated on getting to a hospital where his toe might be restored. Because he did not immediately know what caused him to fall, he should not be disqualified from recovering.

He later learned that the brown spot on the lawn where he slipped had been watered earlier the same day. He filed a complaint against the defendants based on that admitted fact. Whether he can convince a jury that wet grass caused him to slip is another matter, but one cannot argue that it is not a reasonable inference to be drawn. It is significant that the defendants did not file a counter affidavit to attempt to establish that the watering actually occurred sufficiently long before the accident so that the grass would have been dry at the time the plaintiff slipped.

There was no contradiction of plaintiff's deposition by his later filed affidavit. In his deposition he stated that *at the time of the slipping,* he did not know why he slipped. In his affidavit, he stated that he slipped on wet grass, but this was based on information gleaned after the accident.

The majority opinion states that the plaintiff should have noted any unusual slipperiness of the grass at the time he was mowing it. That is not necessarily true since only a small spot was watered. However, even if that is true, that fact goes to plaintiff's contributory negligence but should not be decisive on causation which is the basis of the majority opinion.

I prefer to place my concurrence on the ground that the watering of a lawn by an owner in this arid state, where frequent watering is required during the month of July, could not constitute a negligent act. It is a commonplace necessary daily act. There is nothing dangerous or deceptive about it. Here there was a brown spot on a slope which required extra watering and care, as plaintiff knew. I do not think that a reasonable man could find such watering to be negligent even though the owner had knowledge that another might come along soon to mow it.