# BELLIKKA,
*Appellant,*

*v.*

# GREEN,
*Defendant,*

## COLUMBIA CHRISTIAN COLLEGE,
*Respondent.*

### (A8507-04251; CA A42728)

746 P2d 255

Stan Sather, Portland, argued the cause and filed the brief for appellant.

Thomas M. Christ, Portland, argued the cause for respondent. With him on the brief was Mitchell, Lang & Smith, Portland.

Before, Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This appeal involves the sufficiency of a complaint seeking damages for personal injury. Plaintiff alleges that Columbia Christian College (defendant) had rented a "residential house" to Green (tenant).[1] While escorting her pre-school children across the lawn on the property during a Halloween "trick or treat" visit, plaintiff was injured when she stepped into a hole. The complaint describes the hole as a "concealed danger" in that it was partially covered by grass and debris. It also alleges that the hole existed before defendant rented the house to tenant. The trial court granted defendant's motion to dismiss the complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). We affirm.

Although plaintiff characterizes this case as a negligence action, the complaint intertwines several theories for relief.[2] We begin by discussing the applicability of the Residential Landlord and Tenant Act (RLTA), which provides that "[a] landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition." ORS 91.770(1). In *Humbert v. Sellars*, 300 Or 113, 708 P2d 344 (1985), the Supreme Court held that a guest of a tenant may recover damages from the landlord for a violation of the landlord's duty under that section. Plaintiff contends that defendant violated ORS 91.770(1) by leasing the premises with the hole in the yard. She relies specifically on ORS 91.770(1)(f), which, as pertinent, provides:

"A landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For purposes of this section, a dwelling unit shall be considered uninhabitable if it substantially lacks:

"* * * * *

---

[1] Tenant is not involved in this appeal.

[2] The complaint purports to state five claims. The first claim, entitled "STATUTORY WARRANTY OF HABITABILITY," is based on defendant's alleged violation of its duty under RLTA, ORS 91.700 to ORS 91.895. The second, entitled "IMPLIED WARRANTY OF HABITABILITY," is based on defendant's alleged breach of an implied warranty that the rental premises are habitable. The third is entitled "STATUTORY TORT." The fourth and fifth claims, both entitled "COMMON LAW NEGLIGENCE," are based on negligence principles articulated in the *Restatement (Second) Torts* and *Restatement (Second) Property*.

"(f) . Building, grounds and appurtenances at the time of the commencement of the rental agreement in every part clean, sanitary, and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, and all areas under control of the landlord kept in every part clean, sanitary, and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin * * *."

We agree with defendant that plaintiff's reliance on ORS 91.770(1)(f) is misplaced. The purpose of that subsection is to protect tenants and others from unsanitary conditions; it does not apply to other hazards. Without deciding whether plaintiff is a person who can seek the protection of that provision, we hold that a mere hole in the ground cannot render rental premises unclean or unsanitary; neither can it constitute an accumulation of "debris, filth, rubbish, garbage, rodents [or] vermin."

Plaintiff alleges that defendant breached an implied warranty of habitability. Assuming without deciding that plaintiff is a person who would be entitled to claim the benefit of such a theory, the Supreme Court has yet to recognize a common law claim for breach of an implied warranty of habitability, and we do not think that it would. The only warranty of habitability is found in ORS 91.770, which we believe the legislature intended to be in lieu of an implied warranty.

Finally, we turn to the common-law negligence claims. The Supreme Court has stated that *Restatement (Second) Torts* § 356 reflects its view of the law governing the liability of a landlord to a tenant. *See Richards v. Dahl,* 289 Or 747, 749, 618 P2d 418 (1980); *see also Lapp v. Rogers,* 265 Or 586, 588, 510 P2d 551 (1973); *Jensen v. Meyers,* 250 Or 360, 441 P2d 604 (1968). Section 356 states the general rule:

"Except as stated in [sections] 357-362 a lessor of land is not liable to his lessee or to others on the land for physical harm caused by any dangerous condition, whether natural or artificial, which existed when the lessee took possession."

The alleged dangerous condition existed when tenant leased the premises.

Plaintiff argues that this case falls within two exceptions to the general rule. The first is stated in § 360:

"A possessor of land who leases a part thereof and retains

in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

The complaint does not allege that defendant retained control of the yard. Accordingly, it does not allege facts which bring plaintiff within this exception to the general rule. The second exception is in § 362:

"A lessor of land who, by purporting to make repairs on the land while it is in the possession of his lessee, or by the negligent manner in which he makes such repairs has, as the lessee neither knows nor should know, made the land more dangerous for use or given it a deceptive appearance of safety, is subject to liability for physical harm caused by the condition to the lessee or to others upon the land with the consent of the lessee or sublessee."

The complaint does not allege that defendant repaired or promised to repair the yard. Accordingly, it does not allege facts which bring this case within the second exception to the general rule.

Affirmed.[3]

---

[3] Plaintiff makes other arguments which do not warrant discussion. We note that plaintiff does not cite or rely on the Supreme Court's recent "duty trilogy": *Donaca v. Curry Co.*, 303 Or 30, 734 P2d 1339 (1987); *Kimbler v. Stillwell*, 303 Or 23, 734 P2d 1341 (1987); *Fazzolari v. Portland School District No. 1J*, 303 Or 1, 734 P2d 1326 (1987).