On respondent's petition for attorney fees filed May 10, petition for attorney fees allowed October 20, 1993

Sandra Jean PAGE,
*Respondent,*

*v.*

James Kelly MUZYN
and the City of Gresham,
*Appellants.*

(9102-01303; CA A74658)

861 P2d 382

J. Michael Alexander and Burt, Swanson, Lathen, Alexander and McCann, P.C., for petition.

Elizabeth K. Reed and Thomas Sponsler, *contra.*

Before Riggs, Presiding Judge, and De Muniz and Durham, Judges.

DURHAM, J.

## DURHAM, J.

This matter is before the court on plaintiff's petition for attorney fees on appeal. Plaintiff used a percentage formula to determine the requested fee. Defendants' sole objection is that ORAP 13.10(3) requires use of an hourly rate times hours formula and does not authorize use of a percentage formula. We disagree, and allow the petition.

Plaintiff sued defendants, who are a local government and a police officer, for a deprivation of civil rights under 42 USC § 1983,[1] and obtained a judgment for damages and attorney fees. Defendants appealed, and we affirmed without opinion. *Page v. Muzyn*, 119 Or App 512, 852 P2d 975 (1993). Plaintiff seeks attorney fees on appeal under 42 USC § 1988.[2] Her appellate counsel agreed to represent her on a contingency basis for 12 percent of plaintiff's judgment for noneconomic damages. Defendants argue that the court is restricted to consideration of a rate times hours formula[3] by ORAP 13.10(3), which provides:

> "A petition shall state the total amount of attorney fees claimed and the authority relied on for claiming the fees. The petition shall be supported by a statement of facts showing the total amount of attorney time involved, the amount of time devoted to each task, the reasonableness of the amount of time claimed, the hourly rate at which time is claimed and the reasonableness of the hourly rate."

---

[1] 42 USC § 1983 provides, in part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * *, subjects or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured * * *."

[2] 42 USC § 1988 provides, in part:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

For a description of the factors used to determine a reasonable attorney fee under that section, *see Kerr v. Screen Extras Guild, Inc.*, 526 F2d 67, 70 (9th Cir 1975), *cert den Perkins v. Screen Extras Guild, Inc.*, 425 US 951 (1976).

[3] Defendants contend that the court should reject the requested fee of $12,000 and award a fee of $4,950. They calculate that fee by multiplying counsel's hourly rate of $150 by 30.6, which is the number of hours spent on the appeal.

The rule states the required elements of a fee petition. It does not purport to authorize or require use of any particular formula to calculate or award a reasonable fee.

Defendants also argue that *Griffin v. Tri-Met*, 112 Or App 575, 584, 831 P2d 42 (1992), *rev allowed* 315 Or 442, 316 Or 527 (1993), restricts the court to consideration of six factors similar to those stated in ORAP 13.10(3), and does not permit use of a percentage formula. We disagree. In *Griffin*, we affirmed a trial court's award of attorney fees calculated at twice counsel's standard hourly rate. We said:

> "The evidence showed that plaintiffs generally experience difficulty in obtaining qualified counsel and also that counsel who successfully undertake the cases for a contingency fee are generally compensated at rates greatly exceeding standard billing rates for general legal services." 112 Or App at 585.

We did consider the six factors described in *Hess v. Seeger*, 55 Or App 746, 766, 641 P2d 23, *rev den* 293 Or 103 (1982), but the holding demonstrates that those factors do not restrict the court to a rate times hours formula, or prevent the court from taking into account the contingency risk of a loss in setting a reasonable fee.[4]

Plaintiff's petition states the facts required by the rule and explains why the requested fee reasonably compensates counsel for the work performed and the contingency risk of a loss. She is entitled to a reasonable fee under 42 USC § 1988. ORAP 13.10(3) does not prevent the court from awarding, under that statute, a fee calculated as a percentage of her recovery, as long as the award is reasonable. Defendants make no claim that the requested fee is excessive or otherwise unreasonable.

Petition for attorney fees allowed in the sum of $12,000.

---

[4] *See also Craig and Craig*, 30 Or App 419, 567 P2d 141 (1977); Oregon State Bar, Code of Professional Responsibility DR 2-106.