Submitted on remand from the Oregon Supreme Court February 11, affirmed on appeal; supplemental judgment for attorney fees vacated and remanded on cross-appeal May 12, 1999

## COULTER PROPERTY MANAGEMENT, INC.,
### *Appellant - Cross-Respondent,*

*v.*

## Samuel JAMES,
### *Respondent - Cross-Appellant.*

## (9305-02944; CA A85455)

981 P2d 395

Ralph C. Spooner and May Kim Wood argued the cause for appellant - cross-respondent. With them on the briefs was Spooner & Much.

Jeffrey C. Jacobs argued the cause and filed the briefs for respondent - cross-appellant.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

## BREWER, J.

This case is before us on remand from the Oregon Supreme Court. *Coulter Property Management, Inc. v. James*, 328 Or 164, 970 P2d 209 (1998). In reversing our previous decision, the Supreme Court concluded that we erred in our interpretation of the Oregon Residential Landlord Tenant Act (RLTA) and in our holding that *Restatement (Second) of Torts* § 358 (1965) governs a landlord's common-law liability to a tenant.[1] The Supreme Court's decision results in reinstatement of a judgment in favor of defendant (tenant) and against plaintiff (landlord) on tenant's counterclaim based on violations of the RLTA.[2] We are directed on remand to consider tenant's cross-appeal concerning attorney fees. For the reasons that follow, we vacate the supplemental judgment for attorney fees and remand.

Landlord initiated this action by filing a forcible entry and detainer claim against tenant. Tenant counterclaimed, alleging habitability violations by landlord. Landlord's claim was later dismissed, and the case proceeded to trial and judgment solely on tenant's counterclaims. The jury found for tenant, awarding him damages. Landlord appealed from the judgment entered on the verdict and from a supplemental judgment awarding tenant $15,000 in attorney fees and costs under the RLTA.

On cross-appeal, tenant challenges the trial court's denial of his request for a considerably larger award based on his 40 percent contingent fee agreement with his attorney. In response, landlord argues that tenant was not entitled to any attorney fee award at all, or, alternatively, that the trial court's award was sufficient. *Express Creditcorp. v. Oregon Bank*, 95 Or App 121, 125, 767 P2d 493 (1989).

■     Landlord first argues that the trial court erroneously permitted tenant to amend his common-law negligence counterclaim to add a negligence *per se* theory based on alleged violations of the RLTA. That premise was rejected by the

---

[1] *Coulter Property Management, Inc. v. James,* 138 Or App 568, 910 P2d 397 (1996).

[2] Our disposition on the appeal reflects the Supreme Court's decision.

Supreme Court. We therefore decline to consider landlord's first argument seeking to eliminate the award altogether made in response to a cross-appeal that challenges only the adequacy of the amount awarded by the trial court. We review the amount of an award of attorney fees for an abuse of discretion.

After trial, a supplemental hearing was held regarding attorney fees. Tenant sought an award of attorney fees under ORS 90.255.[3] He submitted testimony from several attorneys to the effect that tenant's 40 percent contingency fee arrangement was reasonable, as were the hours spent preparing for the trial. The witnesses testified that tenants generally experienced difficulty with legal representation in RLTA cases because of the trial risk and extensive preparation required. The witnesses further testified that tenants generally obtain only *pro bono* legal services or, less frequently, contingent fee representation from private counsel in such cases. The witnesses also testified that the rate of compensation is designed to reflect the litigation risks. Landlord provided no contrary evidence that the time spent or fee requested were unreasonable. The trial court expressly found that the 40 percent fee was not unreasonable but declined to consider the contingency fee award, reasoning that

"[t]he court is concerned with what the legislature intended, and I do not think that the legislature intended to compensate parties for taking risks. Basically, that the attorney is taking the risk is not a part of the fee of which the legislature intended to compensate."

Landlord does not challenge the reasonableness of the contingency agreement between attorney and client. Rather, landlord contends that the trial court properly considered a number of factors in setting a reasonable fee award. Those factors, according to landlord, included the fact that much of the time spent related to portions of the case for

---

[3] ORS 90.255 provides:

"In any action on a rental agreement or arising under this chapter, reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

which no attorney fees were recoverable and that the court was not required to accept the testimony of experts who evaluated the file only after trial.

We agree with tenant that the trial court erred in refusing to consider the effect of the contingent fee arrangement on the reasonableness of the attorney fee award. ORS 90.255 provides that attorney fees in an RLTA proceeding *may* be awarded to the prevailing party. The Supreme Court has held that a prevailing party would normally be entitled to recover attorney fees under that statute "barring unusual circumstances." *Executive Management Corp. v. Juckett*, 274 Or 515, 519, 547 P2d 603 (1976). In this case, the trial court exercised its discretion to award attorney fees. However, the court refused to consider the contingency agreement on the grounds that the award requested would violate legislative policy. We disagree with that rationale. ORS 90.255 does not express legislative intent to depart from the ordinary range of discretion available to the court in setting a reasonable attorney fee. That range includes discretion to award attorney fees based on a percentage of a party's recovery. *Page v. Muzyn*, 124 Or App 137, 140, 861 P2d 382 (1993). In exercising its discretion, the court had a duty to consider all relevant circumstances, including tenant's contingent fee agreement with his attorney. The court erred in failing to consider that issue. *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987).

Tenant asks us to reverse and uphold an attorney fee based on the contingent fee agreement. However, we decline to so constrain the trial court. We hold only that the trial court must, on remand, consider the contingent fee arrangement along with other relevant factors affecting the reasonableness of the fee award to defendant.[4]

Affirmed on appeal; on cross-appeal, supplemental judgment for attorney fees vacated and remanded.

---

[4] In 1995, *after* this case was tried and attorney fee issues were decided, the legislature enacted ORS 20.075, which lists factors the court "shall consider" in connection with an attorney fee award. One of those factors is "[w]hether the fee of the attorney is fixed or contingent." ORS 20.075(2)(h). In the event that ORS 20.075 is raised on remand by the parties, the trial court should consider its application in this case in light of the Oregon Supreme Court's holding in *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 957 P2d 1200, *adhered to on recons* 327 Or 185, 957 P2d 1207 (1998).