Submitted on remand from the Oregon Supreme Court June 12, affirmed
August 1, 2001

Olivia ERICKSON,
*Respondent,*

*v.*

FARMERS INSURANCE COMPANY OF OREGON,
an Oregon corporation,
*Appellant.*

97C-12315; A103338

29 P3d 1143

L. E. Ashcroft for appellant.

J. Michael Alexander for respondent.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Warren, Senior Judge.

WARREN, S. J.

## WARREN, S. J.

■ This case is before us on remand from the Supreme Court. We originally held that plaintiff could not stack the uninsured motorist coverages of two insurance policies and therefore reversed the trial court's judgment in her favor. *Erickson v. Farmers Ins. Co.*, 163 Or App 426, 989 P2d 481 (1999). On review, the Supreme Court reversed our decision on the stacking issue and remanded the case for us to decide the remaining assignment of error. In that assignment, defendant attacked the amount of trial court's award of statutory attorney fees to plaintiff that was based primarily on her contingent fee agreement with her attorneys. *Erickson v. Farmers Ins. Co.*, 331 Or 681, 21 P2d 90 (2001).

■ We have held that a court may consider a contingent fee agreement in determining the reasonable amount of a prevailing plaintiff's attorney fees under other statutes. *Coulter Property Management, Inc. v. James*, 160 Or App 390, 981 P2d 395 (1999); *Page v. Muzyn*, 124 Or App 137, 861 P2d 382 (1993). The discussion in those cases applies equally to this case. Defendant does not contend that the attorney hours expended on the case are excessive. Defendant's only argument is that the hourly amount is excessive when the total fee awarded is divided by the hours expended. That argument ignores the nature of a contingent fee practice, which includes a significant amount of time evaluating cases that are not taken, the frequent need to advance the costs of litigation, and the risk of neither receiving a fee nor being able to recover those costs in the event of a loss—a risk that was quite real in this case. In view of those factors, the per hour calculation is not determinative of the reasonableness of the fee. The trial court did not err in the fee that it awarded plaintiff.

Affirmed.